IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:22-cr-058 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| ADAM MICHAEL BROWNING, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

## Table of Contents

INTRODUCTION ........................................................................................... 1

PROCEDURAL BACKGROUND.................................................................... 2

REMAINING UNRESOLVED OBJECTION ................................................. 3
SENTENCING CALCULATION .................................................................... 3
    A. Maximum and Mandatory Minimum Sentence ............................................ 3
    B. Sentencing Guidelines Calculations ............................................................. 4

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 228 MONTHS................... 4

CONCLUSION..................................................................................................... 8

## INTRODUCTION

Defendant Adam Michael Browning sold or intended to sell approximately 24 pounds of methamphetamine during the course of eight months. While doing so, Browning carried guns, and had an arsenal of twenty-two guns in a storage unit. Even after law enforcement caught Browning distributing drugs in January 2022, Browning continued to engage in the same behavior.

There are several remaining unresolved objections to the Presentence Investigation Report (PSR) that affect the guidelines range. Namely, Browning

objects to the amount and a classification of the methamphetamine attributed to him ECF No. 84, Def.'s PSR Objs. (objecting to PSR Paragraphs 16, 25). The government does not anticipate presenting any witnesses at sentencing, and anticipates presenting the following evidence at sentencing:

- Government's Exhibit 1 (Filed Under Seal)
- Government's Exhibit 2 (Filed Under Seal)

The government, therefore, recommends a sentence of 228 months—the low end of the guidelines.

## PROCEDURAL BACKGROUND

On May 17, 2022, a seven-count Indictment was returned against Adam Michael Browning, charging him with conspiracy to distribute fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count 1);  possession with intent to distribute fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A) (Counts Two and Five);  carrying a firearm during and in relation to a drug trafficking crime, in violation to Title 18, United States Code, Section 924(c)(1)(A) (Counts Three and Six); and unlawful user in possession of a firearm, in violation of Title 18, United States Code, Section 841(a)(1) and 841(b)(1)(A) (Counts Four and Seven).  ECF. No. 4, Redacted Indictment.

On September 20, 2022, Browning entered a plea of guilty to Counts One and Three of the Indictment. ECF No. 68, Plea Agreement (hereinafter "Plea

Agreement"). Pursuant to the Plea Agreement, the government agreed to dismiss Counts Two and Four through Seven at sentencing. *Id*. ¶ 2. Also pursuant to the Plea Agreement, the government will recommend a reduction for acceptance of responsibility under USSG §3E1.1. *Id*. ¶ 13.

## REMAINING UNRESOLVED OBJECTIONS

Browning raises two objections to the PSR that affect the guidelines range. First, Browning objects to the quantity of methamphetamine attributed to him, asserting that he only purchased half a pound of methamphetamine, rather than two pounds, from Jesus Medina Cervantes a.k.a., "Chuy" on two occasions. The evidence in this case supports that Browning purchased two pounds from Medina Cervantes on two occasions, for a total of four pounds. *See* Government's Exhibits 1 and 2 (filed under seal). Second, Browning objects to the total amount of methamphetamine attributed to him, and objects to the methamphetamine being classified as actual/ice and asserts that it should instead be classified as a mixture. Browning admits, however, that this is a policy argument. The PSR correctly calculates the drug quantity attributable to Browning as 10,886.4 grams of actual/ice methamphetamine.

## SENTENCING CALCULATION

### A.    **Maximum and Mandatory Minimum Sentence**

Based on Browning's plea of guilty to Count One of the Indictment, Browning is subject to a mandatory minimum sentence of at least ten years in prison; a maximum fine of $10,000,000; and a term of supervised release of at least five years and up to life. As to Count Three, Browning is subject to a mandatory minimum

sentence of at least five years in prison and a maximum of life in prison; a maximum fine of $250,000; and a term of supervised release of no more than five years. The minimum five-year term of imprisonment for Count Three must be imposed consecutive to any other term of imprisonment.

### B.   Sentencing Guidelines Calculation

The PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base offense level (§2D1.1(a)(5)): | 38 |
| Acceptance of Responsibility (§3E1.1): - | - 3 |
| ------------------------------------------------------------------------------------- | |
| Total offense level | 35 |

| | |
|---|---|
| Criminal History category: | I (1 points) |

| | |
|---|---|
| Guidelines range: | 168-210 months' imprisonment |
| | (228-270 month's imprisonment for 924(c)) |

PSR ¶¶ 31-43, 44-52, 132.

### THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 228 MONTHS

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1.   the nature and circumstances of the offense and history and characteristics of the defendant;
2.   the need for the sentence imposed –
    A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B.  to afford adequate deterrence to criminal conduct;
    C.  to protect the public from further crimes of the defendant; and
    D.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3.      the kinds of sentences available;
4.      the guideline sentencing range;
5.      any pertinent policy statement;
6.      the need to avoid unwarranted sentence disparities among defendants
        with similar records who have been found guilty of similar conduct; and
7.      the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence of 120 months imprisonment.

As part of the instant offense, Browning sold or intended to sell approximately 24 pounds of methamphetamine during the course of eight months. PSR ¶¶ 13-24. During the course of that time, Browning had several sources, including sources directly in Mexico. PSR ¶¶10-16. He moved product quickly throughout Des Moines— at times moving one to two pounds per week. PSR ¶ 15. This significant quantity of methamphetamine no doubt posed a danger to our community. But perhaps most concerning in this case, is Browning's carrying of firearms during the commission of these offenses. Each time that Browning purchased methamphetamine from Jose Medina Cervantes, for example, he carried a gun in his waistband and in his truck. PSR ¶ 16. In January 2022, Browning had two guns on his person, along with approximately half a pound of methamphetamine in his car. PSR ¶ 18. That same day, law enforcement found that Browning had an arsenal of twenty-two guns, ammunition, and gun accessories  in a storage unit. PSR ¶ 22. Then again in March 2022, Browning had yet another gun in his car, along with 139.43 grams of methamphetamine. PSR ¶ 24. Recognizing the inherent dangerousness of drug trafficking, Browning admitted that he had these guns for protection while engaged in drug deals. PSR ¶ 22.

Although Browning's criminal history is relatively minor—he is a criminal history category I—his criminal behavior is a cause for concern here. Browning has engaged in criminal activity since he was sixteen years old. PSR ¶44. Most of Browning's criminal history involves drug-related offenses, and indeed, one of which is very similar to his behavior in this case: carrying a loaded gun while dealing drugs. PSR ¶ 50. For his criminal convictions, Browning has never served a term of imprisonment. *See generally* PSR ¶¶ 44-50. The need for specific deterrence in this case is strong. Indeed, even after his contact with law enforcement in January, during which law enforcement found Browning in possession of methamphetamine, drug paraphernalia, and guns, Browning continued to engage in the same behavior. PSR ¶¶ 18-24. Between January 2022 and March 2022, when he was arrested on the present charges, Browning had distributed at least five pounds of methamphetamine, and obtained two more. PSR ¶¶ 23-24. It is clear that Browning's contact with law enforcement in January did little to deter him from future criminal behavior.

There are some mitigating factors in this case, however. For one, Browning was cooperative and timely admitted guilt in this case. Much of the drug quantity computation in this case comes from Browning's own admissions during post-*Miranda* interviews. Additionally, Browning clearly struggles with a substance abuse problem. That problem led him to lose his job and his wife, and to some extent, the present offenses. Browning also grew up without a father, and his mother struggled with drug addiction. He was verbally, physically, and sexually abused as a child, and now suffers from mental health issues. Browning would no doubt benefit from

substance abuse treatment and mental health treatment while incarcerated.

After considering the advisory guidelines range and the factors under 18 U.S.C. § 3553(a), the government requests a sentence at the low end of the guidelines range followed by a five-year term of supervised release.

## CONCLUSION

The Court should impose a sentence of 228 months' imprisonment for both Counts One and Three,  followed by a five-year term of supervised release.

Respectfully submitted,

Richard D. Westphal
United States Attorney


By:     /s/ Alexa K. Perez
Alexa K. Perez
Special Assistant United States Attorney
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053
Tel: (515) 473-9300
Fax: (515) 473-9292
Email:  alexa.perez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

____ U.S. Mail ____ Fax ____ Hand Delivery


 X  ECF/Electronic filing ___ Other means (email)

UNITED STATES ATTORNEY

By:   /s/ Alyssa Powell, Paralegal Specialist